UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BENJAMIN DOUGLAS GUIDRY, | ) | |
| | ) | |
| Movant, | ) | USDC Case No. 3:19-cv- 120 |
| | ) | |
| v. | ) | |
| | ) | USDC Case No. 3:16-cr-001-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | Hon. George C. Hanks, Jr. |
| Respondent. | ) | United States District Judge |
| _____ | | |

### REPLY TO THE UNITED STATES' RESPONSE IN OPPOSITION TO 28 U.S.C. §2255 MOTION TO VACATE

COMES NOW BENJAMIN DOUGLAS GUIDRY by and through undersigned counsel and respectfully submits this Reply to the United States' Response to Movant's ("Mr. Guidry") pending Motion to Vacate pursuant to 28 U.S.C. §2255. [DE #74] .As established herein, the United States' request should be denied, and an evidentiary hearing scheduled to permit Mr. Guidry to prove his claims.

### I. *Introduction*

Mr. Guidry is entitled to an evidentiary hearing on the claim that his

plea was not knowingly, intelligently, and voluntarily entered as a result of ineffective assistance of counsel. The United States' Response is inadequate to allow summary denial of this claim, as it fails to establish that Mr. Guidry is conclusively entitled to no relief. This is true because the factual allegations describing the constitutionally deficient advice from defense counsel on the acceptance of a plea agreement to which Mr. Guidry entered a plea of guilty are not addressed by the portions of the record referred to in the United States' Response. There are no portions of the record which address the out-of-court communication between Mr. Guidry and his former counsel except Mr. Guidry's Sworn Declaration.[1] That declaration sets forth a facially valid claim of ineffective assistance which – contrary to the legal position taken by the United States – is not foreclosed by the law as the claim relies on substantially different evidence than is currently on the record, and indeed, nothing which counters Mr. Guidry's Sworn Statement is before the Court.

---

[1] *See DE #75 @ Exhibit #2. [DE refers to docket entries in United States v. Guidry, Criminal Case No. 3:16-cr-0000.-1 (S.D.Tex.)].*

Accepting Mr. Guidry's uncontested allegations [2] as one must at this stage and posture of the case, mandates that an evidentiary hearing be scheduled to allow Mr. Guidry the opportunity to prove his claims. See, *Machibroda v. United States*, 368 U.S. 487 (1962).

**II.** *Guidry is Clearly Entitled to an Evidentiary Hearing on His Claims*

    **A.**    *The Applicable Standard*

Title 28 U.S.C. § 2255 provides that "[u]nless the motion and files and records of the case *conclusively* show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." (Emphasis added). When facts are at issue in a § 2255 proceeding, a hearing is required if: (1) the record, as supplemented by the trial judge's personal knowledge or recollection, does not *conclusively* negate the facts alleged in support of the claim for § 2255 relief; and (2) the movant would be entitled to post-conviction relief as a legal matter if his factual allegations are true. *See Friedman v. United*

---

[2] *The Government has chosen to forego input from Mr. Guidry's former counsel.*

*States,* 588 F.2d 1010, 1015 (5th Cir. 1979); *see also United States v. Briggs,* 939 F.2d 222, 228 (5th Cir. 1991).

      B.    *The United States' Has Failed to Establish That Mr. Guidry is Conclusively Entitled to No Relief – an Evidentiary Hearing is Thus Statutorily Mandated.*

The United States' Response argues for denial of Mr. Guidry's motion to vacate without an evidentiary hearing based on the erroneous conclusion, that his claims are refuted by the record. *Id.* This Court should reject that premise, and acknowledge Mr. Guidry's entitlement to an evidentiary hearing on the merits of his ineffective assistance of counsel claims alone.

The United States' position that there is not a genuine issue of material fact relies completely on its version of the record, as they have elected not to obtain an affidavit or statement from Mr. Guidry's former counsel. The government cites several portions of the record as purportedly refuting Mr. Guidry's claims. However, none of the referenced record portions come close to refuting his Sworn Declaration or that of his mother. (DE # 74 @ Ex #2- EX #4). The United States' Response in Opposition should be rejected and an

evidentiary hearing scheduled to permit Mr. Guidry to prove his claims.

**[1].** *Ground One is not Refuted by the Record*

Neither Mr. Guidry's written plea agreement, factual resume, sworn testimony at the rearraignment hearing, nor any other part of the record refute his statement, or his mother's, under penalty of perjury that: (1) As time progressed, and more particularly after he [Buckley] setup my evaluation with Dr. Lawson, an expert Psychologist in the field of sex offenses, he [Buckley] was not as positive and he suggested a plea bargain telling me "if we fight part of the evidence, we will have to fight it all." Nor, is any other factual statement or allegation sworn to refuted directly or indirectly by the record now before this Court.

The United States also attacks Mr. Guidry's ineffective assistance of counsel claim on the prejudice prong, arguing that contemporaneous evidence refutes that he would have proceeded to trial or awaited a better plea offer. *Id.* The United States then exposes this court to a barrage of speculation, because the government has no way to know the opinions held

and strategies employed by Mr. Guidry and his former counsel. Only Mr. Guidry and his former counsel would be privy to these formerly privileged communications and the United States chose not to obtain the input of Mr. Guidry's former counsel, so there is no evidentiary basis for their assertions concerning the opinions held and strategies employed by Mr. Guidry or his former counsel.

The assertion that the offer Mr. Guidry accepted was the best offer that the government was going to make is irrelevant to Mr. Guidry's willingness to accept that plea. Assuming that the author of the United States' Response is asserting that he has personal knowledge that no better offer would have been made under any circumstance, the objective truth of this fact is not dispositive of whether Mr. Guidry would have ultimately accepted the offer if his counsel had provided the minimally required advice. The question is subjective and personal to the defendant. The only part of the record which speaks to these questions, are his Mother's Sworn Declaration and his own Sworn Declaration, which definitively answers that he would not have

accepted the plea and proceeded to trial had counsel provided constitutionally effective advice. [3]

At this stage of the proceeding, and without a scintilla of contradiction in the record, from Guidry's attorney that but for this lack of advice he would not have so pled, Guidry states a claim of ineffective assistance of counsel, invalidating his plea. This is true because a plea entered as a result of ineffective assistance is neither knowing or voluntary. *See, e.g., Tollett v. Henderson,* 411 U.S. 258, 267 (1973). Moreover, a conviction obtained by such plea must be reversed and the defendant allowed to proceed to trial. *See, e.g., Hill v. Lockhart,* 474 U.S. 52 (1985). The Supreme Court recently clarified that this requirement is not contingent on the defendant having a reasonable defense, or any objective likelihood of acquittal, because the error which is being remedied is the "denial of the entire judicial proceeding ... to which he had a right."*Lee v. United States*, 137 S. Ct. 1958, 1965 (2017).

---

[3]

*The government's assertion that Mr. Guidry benefitted by some fifteen (15) years in accepting the plea is absurd. Whether the 50 (fifty) he received or the 65 (sixty-five) he could have potentially received, is a difference without distinction. Either amount of time translates into a LIFE sentence for Mr. Guidry.*

**[2].** *Medications and Mental Health*

The government attempts to convince this Court, that somehow the post-sentencing analysis and professional expert opinion of Dr. Michael Fuller, who happens to be a physician licensed to practice medicine in the state of Texas, is presently employed as a Professor of Psychiatry (2014-present), Director of Adult Forensic Psychiatry Services (2002-present), and Director of Psychiatric Consult and Liaison Services (2002-present) in the Department of Psychiatry & Behavioral Sciences at The University of Texas Medical Branch (UTMB) in Galveston Texas, as well as Board Certified with the American Board of Psychiatry and Neurology, who's professional expert opinion and analysis matter none at all. (*See*, DE #74 @ Exhibit #5).

Even though that opinion was provided to this Court under penalty of perjury, and at a minimum, provides a foundation for an evidentiary hearing on its face, the government suggests Dr. Fuller's analysis does not overcome "Guidry's repeated contemporaneous statements, under oath, that he was not impaired, that he fully understood the charges and the plea agreement, and

that he was pleading guilty voluntarily, *carry a strong presumption of truthfulness and are entitled to great weight.*" (Emphasis added).

Yet, it is also true and well settled, that a defendant's recitals on the record at the time he entered his guilty plea do not foreclose review at a later time that those were themselves involuntary. *See, Blackledge v. Allison*, 431 U.S. 63, 74, n. 4 (1977), and *Santobello v. New York*, 404 U.S. 257 (1971). Furthermore, what *Machibroda*, 368 U.S. 487 (1962), and *Fontaine, 411 U.S. 213 (1973),* indisputably teach, is that the barrier of the plea proceeding record, although imposing, is not invariably insurmountable. In administering a §2255 proceeding, this Court cannot fairly adopt a *per se* rule excluding all possibility that Mr. Guidry's representations at the time his guilty plea was accepted, were not the product of such factors such as *strong medications, misunderstanding, duress, or misrepresentation* by others so as to make his guilty plea a constitutionally inadequate basis for the sentence imposed and resulting imprisonment. *United States v. Casas*, No. C.A. C-06-448, 2007 WL 1100475, at *1 (S.D. Tex. Apr. 11, 2007)

### III. *Conclusion*

The government claims that several of Mr. Guidry's issues are foreclosed by the waiver language of his plea agreement and requests additional time to brief and/or respond to those claims should the Court reach them on the merits. Mr. Guidry respectfully joins that request, and would seek to more fully address the claims should the Court agree with his allegation in Ground One, or determine an evidentiary hearing is the only procedural platform to make the very necessary credibility assessments this case presents. Mr. Guidry respectfully suggests that this Honorable Court schedule an evidentiary hearing on his claims of ineffective assistance of counsel.

Respectfully submitted at Houston, Texas this 7th day of August, 2019.

**LAW OFFICES OF D. CRAIG HUGHES**

/s/ D. Craig Hughes
D. Craig Hughes
SBOT No. 10211025
Attorney for Benjamin Douglas Guidry
7324 Southwest Freeway - Suite 1466
Houston, Texas 77074
713-535-0683 - Direct
713-510-1856 - Fax
dcraighughes@msn.com (email)

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2019, I have electronically filed the foregoing with the Clerk of the Court for the Southern District of Texas using the CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the CM/ECF system. All other non CM/ECF parties have been served via prepaid first -class U.S. mail.

                                    /s/ D. Craig Hughes
                                    D. Craig Hughes
                                    SBOT No. 10211025
                                    Attorney for Benjamin Douglas Guidry